**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**

Misc. Case No.  _____

Soneet R. Kapila, Chapter 7 Trustee for Fontainebleau Las Vegas Holdings, LLC, et al.,
Debtors, Case No. 09-21481-BKC-AJC (Jointly Administered)

Appellant,

Brigade Leveraged Capital Structures Fund, Ltd., Battalion CLO 2007-I Ltd., Canpartners
Investments IV, LLC, Caspian Capital Partners, LP, Caspian Select Credit Master Fund, Ltd.,
Mariner LDC, Caspian Alpha Long Credit Fund, L.P., Caspian Solitude Master Fund, L.P., ING
Prime Rate Trust, ING Senior Income Fund, ING International (II)- Senior Bank Loans Euro,
ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING
Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING
Investment Management CLO V, Ltd., Phoenix CLO I, Ltd., Phoenix CLO II, Ltd., Phoenix
CLO III, Ltd., Venture II COO 2002, Limited, Venture III CDO Limited, Venture IV CDO
Limited, Venture V CDO Limited, Venture VI CDO, Limited, Venture VII CDO Limited,
Venture VIII CDO, Limited, Venture IX CDO, Limited, Vista Leveraged Income Fund, Veer
Cash Flow CLO, Limited, Monarch Master Funding Ltd., SPCP Group LLC, Sola Ltd., Solus
Core Opportunities Master Fund Ltd, and Venor Capital Master Fund, Ltd.

Appellees.

On Appeal from the United States Bankruptcy Court for the Southern District of Florida in
Bankruptcy Case No. 09-21481-AJC:  Judge A. Jay Cristol

**APPELLEES' MOTION TO DISMISS TRUSTEE'S INTERLOCUTORY APPEAL
FROM BANKRUPTCY COURT ORDER DENYING MOTION (I) FOR APPROVAL OF
A SETTLEMENT AND (II) FOR ENTRY OF BAR ORDER AND MEMORANDUM OF
LAW IN SUPPORT THEREOF**

TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ................................................................................- 1 -

II.   BACKGROUND ................................................................................- 3 -

    A.    The Fontainebleau Las Vegas, LLC Related Bankruptcy Cases .....- 3 -

    B.    The Nevada Action................................................................- 4 -

    C.    The Trustee's Adversary Proceeding ...............................................- 4 -

    D.    The Trustee Settlement................................................................- 5 -

    E.    The 9019 Hearing ........................................................................- 6 -

    F.    The Trustee's Appeal ........................................................................- 8 -

III.  ARGUMENT................................................................................- 8 -

    A.    The Appeal Is Moot, and the Court Thus Lacks Jurisdiction to Hear It................................................................................- 8 -

    B.    The Appeal Will Not Redress Any Actual Injury, and the Trustee Thus Lacks Standing to Pursue It.....................................- 14 -

    C.    The Trustee's Appeal Fails to Satisfy the Requirements for Interlocutory Review.................................................................- 14 -

IV.   CONCLUSION................................................................................- 19 -

V.    CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION ................................................................................- 19 -

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AAL High Yield Bond Fund v. Deloitte & Touche LLP*,
361 F.3d 1305 (11th Cir. 2004) ........................................................6, 18

*Amos v. Glynn County Board of Tax Assessors*,
347 F.3d 1249 (11th Cir. 2003) ............................................................16

*Brooks v. Georgia State Board of Elections*,
59 F.3d 1114 (11th Cir. 1995) ..........................................9, 10, 11, 12, 13

*C & C Products, Inc. v. Messick*,
700 F.2d 635 (11th Cir. 1983) ...............................................9, 10, 12

*Christian Coalition of Florida v. United States*,
662 F.3d 1182 (11th Cir. 2011) ............................................................13

*Church of Scientology of California v. United States*,
506 U.S. 9, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992)........................2, 9, 10

*Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc.* (*In re
Metromedia Fiber Network),*
416 F.3d 136 (2d Cir. 2005)........................................................................6

*In re Auto Dealer Servs., Inc..*,
81 B.R. 94 (M.D. Fla. 1987)...............................................................16

*In re Celotex Corp.*,
187 B.R. 746 (M.D. Fla. 1995).............................................................15

*In re Charter Co.*,
778 F.2d 617 (11th Cir. 1985) .............................................................15

*In re HealthSouth Corp. Sec. Litig.*,
572 F.3d 854 (11th Cir. 2009) ..............................................................6, 18

*In re Justice Oaks II, Ltd.*,
898 F.2d 1544 (11th Cir. 1990) ..........................................................16, 17

*In re Laminate Kingdom, LLC*,
No. 07-10279-BKC-AJC, 2011 Bankr. LEXIS 4773 (Bankr. S.D. Fla. Dec. 5, 2011) .............6

*In re Pacific Forest Products Corp.*,
335 B.R. 910 (S.D. Fla. 2005) ......................................................15, 16, 17

*In re Se. Banking Corp.*,
314 B.R. 250 (Bankr. S.D. Fla. 2004)...................................................16

ii

**Page(s)**

**CASES**

*In re Tidewater Group, Inc.,*
 734 F.2d 794 (11th Cir. 1984) ..............................................................................3, 15

*In re United States Oil & Gas Litig.,*
 967 F.2d 489 (11th Cir. 1992) ..............................................................................6, 18

*Lewis v. Continental Bank Corp.,*
 494 U.S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).........................................9

*Lexmark International v. Static Control Components,*
 __ U.S.__, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014)...............................................14

*Lujan v. Defenders of Wildlife,*
 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).......................................2, 14

*Munford v. Munford, Inc. (In re Munford, Inc.),*
 97 F.3d 449 (11th Cir. 1996) ...................................................................................17

*Pacific Ins. Co. v. General Development Corp,*
 28 F.3d 1093 (11th Cir. 1994) ............................................................................10, 13

*Prado-Steiman ex rel. Prado v. Bush,*
 221 F.3d 1266 (11th Cir. 2000) ................................................................................15

*Tropicana Products Sales, Inc. v. Phillips Brokerage Co.,*
 874 F.2d 1581 (11th Cir. 1989) ................................................................................10

*United States v. Florida Azalea Specialists,*
 19 F.3d 620 (11th Cir. 1994) ....................................................................................10

*United States v. MacDonald,*
 435 U.S. 850, 98 S.Ct. 1547, 56 L. Ed. 2d 18 (1978)...............................................15

*The News-Journal Corp. v. Foxman,*
 939 F.2d 1499 (11th Cir. 1991) ................................................................................12

**STATUTES**

28 U.S.C. § 158(a)(3)................................................................................................15

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 8003...............................................................................................15

iii

Fed. R. Bankr. P. 8007 ..................................................................................................................1

Fed. R. Bankr. P. 8011 ..................................................................................................................1

Fed. R. Bankr. P. 9019 ...........................................................................................................11, 16

S.D. Fla.. LR 7.1 ......................................................................................................................1, 19

S.D. Fla.. LR 87.4(c) .................................................................................................................1, 8

S.D. Fla. Bankr. LR 8011-3 ..........................................................................................................8

Article III of the United States Constitution .......................................................................2, 8, 9

The Term Lenders[1] by and through their undersigned counsel and pursuant to Federal Rules of Bankruptcy Procedure 8007(c) and 8011 and S.D. of Fla. Local Rules 87.4(c) and 7.1, move this Court for entry of an order dismissing this appeal with prejudice, and in support hereof state:

## I.      INTRODUCTION

Appellant, Soneet R. Kapila, is the Chapter 7 Trustee in the Fontainebleau Las Vegas Bankruptcy Cases.  Appellees and moving parties are Term Lenders under a $1.8 billion credit facility for the construction of the Fontainebleau Las Vegas Resort and Casino Project.  On November 7, 2014, the Trustee filed a Notice of Appeal (attached Exhibit 1(Bankr. ECF No. 4745))[2] from an order of the Bankruptcy Court denying his Motion "(I) for Approval of a Settlement and Compromise of Certain Director, Officer and Manager Litigation Pursuant to Fed.

---

[1] Appellee Term Lenders are Brigade Leveraged Capital Structures Fund, Ltd., Battalion CLO 2007-I Ltd., Canpartners Investments IV, LLC, Caspian Capital Partners, LP, Caspian Select Credit Master Fund, Ltd., Mariner LDC, Caspian Alpha Long Credit Fund, L.P., Caspian Solitude Master Fund, L.P., ING Prime Rate Trust, ING Senior Income Fund, ING International (II)- Senior Bank Loans Euro, ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING Investment Management CLO V, Ltd., Phoenix CLO I, Ltd., Phoenix CLO II, Ltd., Phoenix CLO III, Ltd., Venture II COO 2002, Limited, Venture III CDO Limited, Venture IV CDO Limited, Venture V CDO Limited, Venture VI CDO, Limited, Venture VII CDO Limited, Venture VIII CDO, Limited, Venture IX CDO, Limited, Vista Leveraged Income Fund, Veer Cash Flow CLO, Limited, Monarch Master Funding Ltd., SPCP Group LLC, Sola Ltd., Solus Core Opportunities Master Fund Ltd, and Venor Capital Master Fund, Ltd.

[2] "Bankr. ECF No." shall mean docket entries in the United States Bankruptcy Court for the S.D. of Fla., *In re Fontainebleau Las Vegas Holdings, LLC, et al.*, Case No. 09-21481-BKC-AJC (Jointly Administered).

R. Bankr. P. 9019, and (II) For Entry of Bar Order Related Thereto" (attached Exhibit 5 (Bank. ECF No. ECF 4470)) (the "9019 Motion").

The Trustee's appeal should be dismissed.  It is moot, and the Trustee has no standing to pursue it.  By its terms, the Settlement terminated and became "null and void without any continuing force or effect whatsoever" the moment the Bankruptcy Court denied the 9019 Motion and rejected the Settlement.  Because the Trustee's appeal presents no actual, ongoing case or controversy, this Court has no jurisdiction under Article III of the United States Constitution to hear it.[3]  Nor does the Trustee have standing to pursue it.  The Trustee has acknowledged that he is not seeking by his appeal "to have the settlement approved" but instead is seeking merely to challenge "the bar order standard" the Bankruptcy Court applied in rejecting it.  Because the Trustee's appeal will not redress any particularized "injury in fact," it fails to meet the "irreducible constitutional minimum of standing."[4]

---

[3] *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449, 121 L. Ed. 2d 313 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'") (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293 (1895)).

[4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("irreducible constitutional minimum of standing" requires a concrete and particularized "injury in fact" that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.)

Even if the appeal were not moot and the Trustee had standing, the Trustee is seeking review of an interlocutory order as to which there is no basis for an expedited appeal.  "An order disapproving a compromise . . . is not final.  It determines no rights and settles no issues.  It merely leaves the question open for future adjudication."[5]  The Trustee failed to obtain leave to file this interlocutory appeal as required under Bankruptcy Rule 8011(b).  Interlocutory review of issues that are fact-intensive and without substantial controversy is not appropriate.

## II.    BACKGROUND

### A.    The Fontainebleau Las Vegas, LLC Related Bankruptcy Cases

On June 9, 2009, Fontainebleau Las Vegas, LLC and certain affiliated entities (the "Resort Debtors") filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").  On November 25, 2009, certain affiliates of the Resort Debtors (the "Retail Debtors," and together with the Resort Debtors, the "Debtors") filed voluntary petitions pursuant to Chapter 11 with the Bankruptcy Court.  On April 12, 2010, the Debtors' bankruptcy cases were converted to Chapter 7, and Soneet R. Kapila was appointed as the Chapter 7 Trustee for the Debtors.

---

[5] *In re Tidewater Group, Inc.*, 734 F.2d 794, 796 (11th Cir. 1984) (quoting *Tonkoff v. Synoground (In re Merel's Inc.)*, 481 F.2d 1016, 1018 (9th Cir. 1973)).

### B.   The Nevada Action

The Resort Debtors were borrowers or guarantors under a $1.85 billion Credit Facility intended to be used for the development and construction of the Fontainebleau Resort and Casino in Las Vegas, Nevada.  The Term Lenders (or their predecessors) were lenders under the Credit Facility, who advanced more than $700 million to the Resort Debtors in reliance upon false and misleading representations made by various non-debtors (the "Nevada Defendants") regarding the cost to complete the Project.

In March 2011, the Term Lenders filed a Nevada state court action to recover hundreds of millions of dollars in direct losses they suffered as a result of the Nevada Defendants' fraud and negligent misrepresentations (the "Nevada Action").  At the time of the filing of the Trustee's 9019 Motion, trial was set to begin in the Nevada Action on January 27, 2015.

### C.   The Trustee's Adversary Proceeding

On June 8, 2011, the Trustee filed an adversary proceeding in the Bankruptcy Court styled *Kapila v. Soffer et al.*, Adv. No. 11-02102-BKC-AJC-A asserting claims against some, but not all, of the Nevada Defendants and others. Unlike the Nevada Action, the Trustee Action does not include any claims for fraud or negligent misrepresentation.  Rather, the Trustee alleges that the defendants breached their fiduciary duties by causing the Debtors to incur additional obligations for their own benefit, at times when they knew or should

have known the Debtors were insolvent.  (Attached Exhibit 4 (Adv. ECF No. 287).)[6]

Unlike the Term Lenders in the Nevada Action, the Trustee has made very little progress in prosecuting his case.  Although his action has been pending for three years, it is not yet at issue and no significant discovery has been taken. (Attached Exhibit 5 at p. 12 (Bankr. ECF No. 4470).)

### D.   The Trustee Settlement

On June 26, 2014, the Trustee entered into a Settlement Agreement with the Nevada Defendants and others for a payment of $83.3 million and a release of certain disputed proofs of claim asserted in the Bankruptcy.  The Settlement Agreement was conditioned on a bar order that "permanently bars, prohibits, restrains and enjoins" a host of claims against the settling Defendants and their insureds, including in the Term Lenders' claims in the Nevada Action.   (Attached Exhibit 5 at Ex. A, ¶3(c) (Bankr. ECF No. 4470).)

Important to this appeal, the Settlement Agreement provided for its immediate termination upon the Bankruptcy Court's denial of the 9019 Motion:

> In the event the Bankruptcy Court denies the Approval
> Motion . . . then (i) the Parties shall be returned, as of such
> date (the "Termination Date"), to the status quo ante prior to
> their entry into this Agreement as if this Agreement had not
> been entered, (ii) this Agreement shall be deemed null and
> void without any continuing force or effect whatsoever ….

---

[6] "Adv. ECF No." shall mean docket entries in the United States Bankruptcy Court for the S.D. of Fla., Adv. Pro. No. 11-02102-BKC-AJC-A.

(Attached Exhibit 5 at Ex. A, ¶5 (Bankr. ECF No. 4470).)

### E.       The 9019 Hearing

The Term Lenders objected to the Trustee's attempt to bar them from continuing to prosecute their Nevada claims.[7] (Attached Exhibit 6 (Bankr. ECF No. 4479); Attached Exhibit 11 (Bankr. ECF No. 4523).)  Following extensive briefing, the Bankruptcy Court on July 7, 2014 issued its Order from Status Conference concluding that the Trustee's effort to dispose of the Term Lenders independent claims without their consent through a bar order "seems unconstitutional under the XIV Amendment as a taking of property without due process of law" and "consequently seems unfair and inequitable."[8] (Attached Exhibit 8 at p. 9 (Bankr. ECF No. 4491).)  The Court explained:

---

[7] Other objectors to the bar order included Bank of America, N.A. (attached Exhibit 10 (Bankr. ECF No. 4522)), Union Labor Life Insurance Company (attached Exhibit 9 (Bankr. ECF No. 4521)) and U.S Bank, N.A. (attached Exhibit 12 (Bankr. ECF No. 4524)).

[8] As many courts have recognized, a bar order is an "extraordinary remedy" granted only in "unusual circumstances." *In re Laminate Kingdom, LLC*, No. 07-10279-BKC-AJC, 2011 Bankr. LEXIS 4773, at *14-15 (Bankr. S.D. Fla. Dec. 5, 2011).  A "bar order" is not a device to grant non-debtor defendants otherwise prohibited releases or discharges of claims belonging to non-debtor third parties.  *Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc.* (*In re Metromedia Fiber Network),* 416 F.3d 136, 142 (2d Cir. 2005).  Indeed, the Eleventh Circuit has repeatedly questioned the power of bankruptcy courts to enjoin, over the objection of non-settling parties, "truly independent claims" such as the fraud and negligent misrepresentation claims asserted by the Term Lenders in the Nevada Action.  *E.g*., *In re United States Oil & Gas Litig.*, 967 F.2d 489, 496 n.5 (11th Cir. 1992); *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1311-12 (11th Cir. 2004); *In re HealthSouth Corp. Sec. Litig.*, 572 F.3d 854, 865 (11th Cir. 2009).  The Trustee repeatedly has acknowledged, by word and deed, that the Term Lenders' claims are independent, and that their damages are distinct, from those asserted by the Trustee.  (*See* Attached Exhibit 6 (Bankr. ECF No. 4479) at Ex. I, 32:8-14 (Adv. ECF No. 165); attached Exhibit 6 (ECF 4479) at Ex. J, 16:12-14 (Adv. ECF No. 237); and attached

- 6 -

> When two or more parties agree to settle the pending claim (the Nevada state court lawsuit) belonging to a third party (the Term Lenders) without the consent of that third party (the Term Lenders) for less than 4%[9] of the amount of the pending claim, such a deal cannot be found to be fair and equitable, unless it can be demonstrated that the pending claim is not viable and the potential parties that could be liable to pay the claim were not able to pay any more than the 4%. In this case, if the targets of the Term Lenders' claims were shown to be insolvent or of tiny means, there might be an argument to compel the Term Lenders to accept the 4%. At this time, the parties are conducting discovery to determine the answers to those questions. The Court will therefore consider all evidence at the hearing on the 9019 Motion to determine whether an exception to the prohibition of the Bar Order against the Term Lenders' truly independent claims is equitable and justified.

*Id.*

Following months of discovery, the Bankruptcy Court held a two-day evidentiary hearing on the 9019 Motion on October 14-15. At the conclusion of the hearing, the Court denied the Motion, finding "that under the circumstances before me on this proposed settlement, that the settlement is not fair and equitable, that the Trustee has failed to prove unusual circumstances to justify the bar order." (Attached Exhibit 14 at 398:22-399:1 (Transcript).) The Court entered its written

---

Exhibit 6 (ECF 4479) at Ex. K, pp. 4, 10 (Adv. ECF No. 73). *See also* attached Exhibit 7 at 62:3-8, 71:4-5 (ECF 4484).) As a consequence, the Term Lenders' claims are not subject to the entry of a bar order.

[9] The Bankruptcy Court initially calculated that the Term Lenders' share of the Trustee's Settlement in the Fontainebleau bankruptcy at "less than 4%" of their damages. The Trustee stipulated at the 9019 hearing that the amount the Term Lenders would receive was in fact less, approximately 1.97% of their damages. Attached Exhibit 3 (9019 Motion Evidentiary Hearing, Stipulated Trial Exhibit 40).

- 7 -

Order denying the Trustee's Motion on October 24. (Attached Exhibit 1 at pp. 17-18 (Bankr. ECF No. 4745).)

### F. The Trustee's Appeal

The Trustee filed his Notice of Appeal on November 7, 2014 and his Statement of Issues on Appeal on November 21. (Attached Exhibit 1 (Bankr. ECF No. 4745); attached Exhibit 13 (Bankr. ECF No. 4758).) None of the issues the Trustee identifies challenges the Bankruptcy Court's ruling but rather "the standards for approval of litigation bar orders in Chapter 7 cases." (Attached Exhibit 13 at p. 1(Bankr. ECF No. 4758).) Consistent with this, the Trustee has acknowledged in meet-and-confer discussions that his appeal is not "seeking to have the settlement approved" but instead is "about the bar order standard" the Bankruptcy Court applied.[10]

Term Lenders filed this Motion with the District Court on November 26.[11]

## III. ARGUMENT

### A. The Appeal Is Moot, and the Court thus Lacks Jurisdiction to Hear It

Article III of the United States Constitution permits federal courts to adjudicate only actual, ongoing cases or controversies.[12] Federal courts have no

---

[10] Attached Exhibit 2 (November 21-22, 2014 meet-and-confer email correspondence between Term Lenders' counsel and Special Counsel for the Trustee).

[11] Motions to dismiss a bankruptcy appeal pursuant to Bankruptcy Rule 8007(c) are filed "directly with the district court in accordance with District Court Local Rule 87.4(c)." S.D. Fla. Bankr. LR 8011-3.

power "to decide questions that cannot affect the rights of the litigants in the case before them."[13]  A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."[14]  Said differently, a "case must be viable at all stages of the litigation; it is not sufficient that the controversy was live only at its inception."[15]

The Eleventh Circuit in *Brooks v. Georgia State Board of Elections*, 59 F.3d 1114, 1118-19 (11th Cir. 1995), applied these fundamental principals in dismissing an appeal from an order rejecting a settlement agreement where deadlines in the settlement agreement had expired prior to the hearing on the appeal.  Noting that "[a]n appellate court simply does not have jurisdiction under Article III 'to decide questions which have become moot be reason of intervening events,'" the Court held:

> [A] decision by this court reversing the district court's determination and ordering implementation of the settlement agreement would not provide meaningful

---

[12] U.S. Const., art. III; *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990).

[13] *Lewis,* 494 U.S. at 477, 110 S. Ct. at 1253 (quoting *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971)).

[14] *Church of Scientology of California v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449, 121 L. Ed. 2d 313 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293 (1895)).

[15] *C & C Products, Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir. 1983).

> relief, since the state could not possibly comply with the key requirements of the settlement.  Thus, any opinion we would render on the merits would be purely advisory.[16]

The Court in *Tropicana Products Sales, Inc. v. Phillips Brokerage Co.*, 874 F.2d 1581, 1582-83 (11th Cir. 1989), came to a similar result in dismissing an appeal from the district court's denial of a motion for preliminary injunction where the effective dates of the injunction had expired prior to the time the appeal was argued.  The Court reasoned that "the express limitation Tropicana's motion set for itself has divested this Court of jurisdiction over the appeal."[17]

The Trustee's appeal is similarly moot.  The Settlement Agreement expired by its own terms—became "null and void without any continuing force or effect whatsoever"—the instant the Bankruptcy Court denied the 9019 Motion.   At that moment, this Court lost the ability to provide any meaningful relief.  Without an existing Settlement to approve or disapprove, the Court cannot "affect the matter in issue in the case before it."[18]  Any decision the Court reached would be "purely advisory" and the appeal must be dismissed.[19]  The Trustee underscored the

---

[16] *Brooks v. Georgia State Board of Elections*, 59 F.3d at 1119 (citing *C & C Products, Inc. v. Messick*, 700 F.2d at); *United States v. Florida Azalea Specialists*, 19 F.3d 620, 621-22 (11th Cir. 1994)).

[17] *Id.*; *see also Pacific Ins. Co. v. General Development Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) (holding that "no meaningful relief remains for us to provide" because "the injunction we are asked to review has expired by its own terms").

[18] *Church of Scientology of California v. United States*, 506 U.S. at 12, 113 S. Ct. at 449.

[19] *Id.*

advisory nature of his appeal when he conceded that he is not seeking approval of the Settlement but rather an abstract review of the "standards for approval of litigation bar orders in Chapter 7 cases."

Nor could the parties to the Settlement Agreement create jurisdiction in this Court by purporting to waive or otherwise modify the termination provision of the Agreement. Because the Settlement Agreement ceased to exist when the Bankruptcy Court denied the 9019 Motion, there was nothing left to waive or modify. While the parties to the Settlement Agreement are free to enter into a new and different agreement, they would need to obtain Bankruptcy Court approval of that agreement before this Court could consider it on the record of a subsequent appeal.[20]

The Trustee contends his appeal falls within a limited exception to the mootness doctrine for cases "where the issue raised is 'capable of repetition, yet evading review.'"[21] This "rare"[22] exception does not apply.

An issue is "capable of repetition" only if there is a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur

---

[20] *Brooks v. Georgia State Board of Elections*, 59 F.3d at 1120-21 (modifying deadlines of an expired settlement agreement could not "save this appeal from mootness"). *See* Fed. R. Bankr. P. 9019 (Bankruptcy Court must approve compromises and settlements).

[21] *Id.* at 1120 (quoting *Naturist Soc'y, Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992)) (citations omitted).

[22] *Id.* at 1121.

involving the same complaining party."[23] "A controversy is not capable of repetition if there is only 'a mere physical or theoretical possibility' of recurrence."[24] While it theoretically is possible for the Trustee to enter into a future settlement conditioned upon bankruptcy court approval of an order barring third-party independent claims, it is nearly impossible to handicap the likelihood of such an event, which would be dependent upon a host of unknown variables, including the nature of the parties and claims to be settled, the status of the settled proceedings, the strength of the Trustee's settled claims, the terms of the settlement, the claims sought to be barred, the viability of the claims sought to be barred, the amount (if any) such third-parties would receive from the settlement for their barred claims, the remaining sources of recovery for the claims sought to be barred, and any "unusual circumstances," to name a few. The Trustee simply cannot establish "a demonstrated probability that the same controversy will recur."

Moreover, the issues presented by this appeal are not such that they will "evade review" unless addressed in the context of this settlement. The Eleventh Circuit in *Brooks v. Georgia State Board of Elections* rejected this exception where "the issues in this appeal evade review only because of date-specific provisions set voluntarily by the parties" in the settlement agreement that was the subject of the

---

[23] *The News-Journal Corp. v. Foxman,* 939 F.2d 1499, 1507 (11th Cir. 1991) (quoting *Murphy v. Hunt,* 455 U.S. 478, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) (per curiam)).

[24] *C & C Products, Inc. v. Messick,* 700 F.2d at 636 (citations omitted).

appeal.[25]  The Court concluded that, although the expired deadlines in the settlement agreement mooted the appeal before it could be addressed, "it does not follow 'that similar future cases will evade review.'"[26]  The Court reasoned:

> A dismissal of this appeal as moot would not preclude the parties from proposing a new settlement agreement with different terms and litigating the issue of its validity in a subsequent appeal.  There is no reason to expect that any subsequent agreement by the parties would necessarily include stringent time limitations likely to expire before an appeal could be heard.  Accordingly, "we do not believe this type of claim is inherently of such short duration that it consistently will evade future appellate consideration."[27]

Likewise here, the Trustee voluntarily agreed to date-specific provisions that precluded him from pursuing an appeal from a denial of his 9019 Motion.  There is nothing precluding the Trustee here from entering into a new settlement agreement (with the parties to the current Settlement or others) on terms that would not render the settlement moot upon its rejection by the Bankruptcy Court and that, as a

---

[25] *Brooks v. Georgia State Board of Elections*, 59 F.3d at 1120-1121.  *See also Christian Coalition of Florida v. United States*, 662 F.3d 1182, 1195-96 (11th Cir. 2011) (rejecting mootness exception because "[t]he same controversy--CC-FL's tax liabilities for the years 1991 and 1994-2000--is not an issue capable of repetition.  Rather, the hypothetical future controversy advanced by CC-FL would be at most a similar one.  The tax amounts in dispute and the nature of the claim for a refund are specific to each individual tax year.  Similarly, the proper resolution of CC-FL's claim to tax-exempt status in a given tax year will depend on CC-FL's conduct in that year.") (citation omitted).

[26] *Brooks v. Georgia State Board of Elections*, 59 F.3d at 1120-21 (quoting *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1173 (8th Cir. 1994)).

[27] *Id*. (quoting *Pacific Ins. Co. v. General Dev. Corp*., 28 F.3d at 1097).

result, would permit the Trustee to litigate the bar order issues in a subsequent appeal.

**B.      The Appeal Will Not Redress Any Actual Injury, and the Trustee thus Lacks Standing to Pursue It**

Even if the termination of the Settlement had not rendered the Trustee's appeal moot, the Trustee's concession that he is "not seeking to have the settlement approved" eliminates his standing to bring it.  In order to meet the "irreducible constitutional minimum of standing," "[t]he plaintiff must have suffered or be imminently threatened with a *concrete and particularized 'injury in fact'* that is fairly traceable to the challenged action of the defendant and *likely to be redressed by a favorable judicial decision*."[28]  Because this appeal cannot result in the approval of the rejected Settlement Agreement, the Trustee cannot demonstrate any injury  suffered or threatened to be suffered that is "likely to be redressed by a favorable decision" in this appeal.

**C.      The Trustee's Appeal Fails to Satisfy the Requirements for Interlocutory Review.**

Even if the Court had jurisdiction and the Trustee had standing, the appeal should not proceed because the Trustee neither sought nor received leave to appeal and leave is not warranted.  Pursuant to 28 U.S.C. § 158(a)(3), a party must obtain leave of the district court in order to appeal an interlocutory bankruptcy order.  The

---

[28] *Lexmark International v. Static Control Components*, __ U.S.__, 134 S.Ct. 1377, 1386, 188 L.Ed.2d 392 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) (emphasis added).

Trustee neither sought nor received leave to appeal.  The district court, however, has the option to direct that a motion be filed, to decide exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal.  Fed. R. Bankr. P. 8003(c).  For the reasons set forth below, leave should be denied even if the Trustee's appeal were otherwise proper.

An order *approving* a settlement is final because it "finally determines the rights of the parties," but an order *disapproving* a compromise is interlocutory because "it determines no rights and settles no issues.  It merely leaves the question open for future adjudication."[29]  The Trustee's appeal is interlocutory.

Piecemeal, interlocutory review generally is disfavored.[30]  A district court may grant interlocutory review of a bankruptcy court order only if it "(1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation."[31]  The Trustee's appeal fails to meet two of these prongs.

---

[29] *In re Tidewater Group, Inc.*, 734 F.2d 794, 796 (11th Cir. 1984) (bankruptcy court order denying approval of settlement was not final because it did not "resolve the litigation, decide the merits, determine rights of the parties, settle liability, or establish damages") (quoting *Tonkoff v. Synoground* (*In re Merel's Inc.*), 481 F.2d 1016, 1018 (9th Cir. 1973)) (emphasis added).

[30] *United States v. MacDonald,* 435 U.S. 850, 853, 98 S.Ct. 1547, 1549, 56 L. Ed. 2d 18 (1978); *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1276 (11th Cir. 2000).

[31] *In re Pacific Forest Products Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005) (citations omitted). *See also In re Celotex Corp.,* 187 B.R. 746, 749 (M.D. Fla. 1995); *In re Charter Co.,* 778 F.2d 617, 620 (11th Cir. 1985).

No controlling question of law.  The Bankruptcy Court's denial of the

Trustee's 9019 Motion does not present a controlling issue of law supporting

interlocutory appeal.  "An issue meets this exacting standard if it deals with a

question of 'pure' law, or matters that can be decided 'quickly and cleanly with-out

having to study the record.'"[32]  A question is not controlling simply because it

determines the case at issue; it must dispose of a "wide spectrum of cases."[33]

In the Eleventh Circuit, approval of a compromise under Bankruptcy Rule

9019 requires consideration of the four factors set forth in *In re Justice Oaks II,*

*Ltd.*, 898 F.2d 1544 (11th Cir. 1990): "(a) The probability of success in the

litigation; (b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and

delay necessarily attending it; [and] (d) the paramount interest of the creditors and

a proper deference to their reasonable views in the premises."[34]  Moreover, even if

the Bankruptcy Court had jurisdiction to bar third party claims (it correctly

---

[32] *In re Pacific Forest Products Corp.*, 335 B.R. at 919 (quoting *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1258, 1260-62 (11th Cir. 2004)). *See also Amos v. Glynn County Board of Tax Assessors*, 347 F.3d 1249, 1254 (11th Cir. 2003) (denying interlocutory appeal because the determination of whether the legal process of the state was "plain, speedy, and efficient," which could determine the district court's jurisdiction and dispose of the case, was too fact-intensive an inquiry for interlocutory review).

[33] *In re Auto Dealer Servs., Inc.*, 81 B.R. 94, 96 (M.D. Fla. 1987) (quoting *Federal Deposit Ins. v. First Nat'l Bank of Waukesha*, 604 F. Supp. 616, 620 (E.D. Wis. 1985)).

[34] *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir. 1990); *see also In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (applying *Justice Oaks* factors).

concluded that it did not), the "bar order" sought must itself be "fair and equitable" to the parties to be barred.[35]

As the two-day evidentiary hearing in the Bankruptcy Court demonstrates, the *Justice Oaks* requirements and the "fair and equitable" determination under *Munford* are fact-intensive inquiries.  This Court's review and determination of these matters will require an exhaustive study of the record; and given the fact-specific nature of the analysis, the Court's decision will not dispose of a "wide spectrum of cases."  Accordingly, interlocutory review is not appropriate.

No substantial ground for difference of opinion.  In order to satisfy this prong, "[t]he party seeking leave to pursue an interlocutory appeal must demonstrate that at least two courts interpret the relevant legal principle differently."[36]  "It is simply not enough for interlocutory review that the order for which appeal is sought presents a difficult ruling; nor is it sufficient that the movant can demonstrate a lack of authority on the issue."[37]

The Eleventh Circuit repeatedly has questioned whether "truly independent claims" against non-debtors can ever be enjoined in bankruptcy in the absence of

---

[35] *Munford v. Munford, Inc. (In re Munford, Inc.),* 97 F.3d 449, 455 (11th Cir. 1996).

[36] *In re Pacific Forest Products Corp.*, 335 B.R. at 922 (citation omitted).

[37] *Id.*

consent by the party to be enjoined.[38]  In its most recent published decision on the

subject, the Eleventh Circuit reaffirmed that it "might be per se inappropriate to

bar" such claims.[39]  Accordingly, rather than a difference of the opinion, the

Eleventh Circuit has shown a consistent reluctance to approve bar orders of truly

independent claims.

As the Bankruptcy Court correctly concluded, the Term Lenders claims are

truly independent:

> Here, the claims for fraud and negligent misrepresentation
> asserted by the Term Lenders in the Nevada Action appear
> to fall squarely within the meaning of the phrase "truly
> independent claims."  *See AAL High Yield Bond Fund*, 361
> F.3d at 1311.  Applying that definition from *AAL High Yield
> Bond Fund*, the Term Lenders' claims against the Nevada
> Defendants are "truly independent claims" "because (1) they
> are not claims for contribution or indemnity, nor otherwise
> based on any liability of the Term Lenders to the Trustee as
> plaintiff (indeed, no such liability exists) and (2) the claims
> are 'based on damages completely separate' from the
> damages incurred by the Trustee that form the basis of his
> claims in the Trustee Action."

(Attached Exhibit 8 at 7 (Bankr. ECF No. 4491).)

Because the Term Lenders' claims are "truly independent claims," no

authority exists, in the Eleventh Circuit or elsewhere, to enter a bar order enjoining

the prosecution of such claims in this Chapter 7 case over the Term Lenders'

---

[38] E.g., *In re United States Oil & Gas Litig.*, 967 F.2d 489, 496 n.5 (11th Cir. 1992); *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1311-12 (11th Cir. 2004).

[39] *In re HealthSouth Corp. Sec. Litig.*, 572 F.3d 854, 865 (11th Cir. 2009).

- 18 -

objection. Accordingly, there is no substantial ground for difference of opinion on the issues presented by the Trustee's appeal, and interlocutory review is not appropriate.

## IV.   CONCLUSION

For the reasons and based on the authorities set forth above, the Term Lenders respectfully request entry of an order dismissing the Trustee's appeal and granting such further and other relief as is just and appropriate.

## V.   CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Term Lenders conferred with the Trustee's counsel in a good faith effort to resolve the issues but have been unable to do so.

Dated:  Miami, Florida                          AKERMAN LLP

    November 26, 2014                     By:  /s/ *Joanne Gelfand*
                                      Joanne Gelfand (FL Bar No. 515965)
                                      One Southeast Third Avenue, 25th Fl.
Miami, Florida  33131-1714
Telephone:  (305) 374-5600
Facsimile:  (305) 982-5694
*joanne.gelfand@akerman.com*

Michael I. Goldberg (FL Bar No. 886602)
Las Olas Centre II
One Southeast Third Avenue, 25th Fl.
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
*michael.goldberg@akerman.com*

-and-

MCKOOL SMITH, P.C.
J. Michael Hennigan
(*Pending Admission Pro Hac Vice*)
Kirk D. Dillman
(*Pending Admission Pro Hac Vice*)
865 S. Figueroa St., Ste. 2900
Los Angeles, CA 90017

COUNSEL FOR THE TERM LENDERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**

_____

Misc. Case No.  _____

Soneet R. Kapila, Chapter 7 Trustee for Fontainebleau Las Vegas Holdings, LLC, et al.,
Debtors, Case No. 09-21481-BKC-AJC (Jointly Administered)

Appellant,

Brigade Leveraged Capital Structures Fund, Ltd., Battalion CLO 2007-I Ltd., Canpartners
Investments IV, LLC, Caspian Capital Partners, LP, Caspian Select Credit Master Fund, Ltd.,
Mariner LDC, Caspian Alpha Long Credit Fund, L.P., Caspian Solitude Master Fund, L.P., ING
Prime Rate Trust, ING Senior Income Fund, ING International (II)- Senior Bank Loans Euro,
ING Investment Management CLO I, Ltd., ING Investment Management CLO II, Ltd., ING
Investment Management CLO III, Ltd., ING Investment Management CLO IV, Ltd., ING
Investment Management CLO V, Ltd., Phoenix CLO I, Ltd., Phoenix CLO II, Ltd., Phoenix
CLO III, Ltd., Venture II COO 2002, Limited, Venture III CDO Limited, Venture IV CDO
Limited, Venture V CDO Limited, Venture VI CDO, Limited, Venture VII CDO Limited,
Venture VIII CDO, Limited, Venture IX CDO, Limited, Vista Leveraged Income Fund, Veer
Cash Flow CLO, Limited, Monarch Master Funding Ltd., SPCP Group LLC, Sola Ltd., Solus
Core Opportunities Master Fund Ltd, and Venor Capital Master Fund, Ltd.

Appellees.

_____

On Appeal from the United States Bankruptcy Court for the Southern District of Florida in
Bankruptcy Case No. 09-21481-AJC:  Judge A. Jay Cristol

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the *APPELLEES' MOTION TO DISMISS TRUSTEE'S INTERLOCUTORY APPEAL FROM BANKRUPTCY COURT ORDER DENYING MOTION (I) FOR APPROVAL OF A SETTLEMENT AND (II) FOR ENTRY OF BAR ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF* was furnished on November 26, 2014 by electronic delivery and/or first-class postage-prepaid U.S. Mail as set forth in the Service List provided herein.

Respectfully submitted,

**AKERMAN LLP (formerly known as Akerman Senterfitt LLP or Akerman Sentertiff)**

By:  /s/ *Joanne Gelfand*
    Joanne Gelfand (FL Bar No. 515965)
    One Southeast Third Avenue, 25th Floor
    Miami, Florida  33131-1714
    Telephone:  (305) 374-5600
    Facsimile:  (305) 982-5694
    *joanne.gelfand@akerman.com*

By:  */s/ Michael I. Goldberg*
    Michael I. Goldberg (FL Bar No. 886602)
    Las Olas Centre II
    One Southeast Third Avenue, 25th Floor
    Miami, Florida 33131-1714
    Telephone: (305) 374-5600
    Facsimile: (305) 374-5095
    *michael.goldberg@akerman.com*

-and-

**MCKOOL SMITH, P.C.**
J. Michael Hennigan
(*Pending Admission Pro Hac Vice*)
Kirk D. Dillman
(*Pending Admission Pro Hac Vice*)
865 S. Figueroa St., Ste. 2900
Los Angeles, CA 90017

**COUNSEL FOR THE TERM LENDERS**

- 1 -

<u>**SERVICE LIST**</u>

*Notice will be electronically mailed to:*

Special Counsel for Soneet R. Kapila, Chapter 7 Trustee, Counsel for The Union Labor Life Insurance Company, Bank of America, N.A., and U.S. Bank National Association:

| | |
|---|---|
| John H. Genovese<br>Paul J. Battista<br>David C. Cimo<br>Genovese Joblove & Battista, P.A.<br>100 S.E. Second Street, 44th Floor<br>Miami, FL 33131<br>jgenovese@gjb-law.com<br>pbattista@gjb-law.com<br>dcimo@gjb-law.com | Jason S. Mazer<br>Christine A. Gudaitis<br>Cary D. Steklof<br>Ver Ploeg & Lumpkin, P.A.<br>100 S.E. 2nd Street, 30th Floor<br>Miami, FL 33131-2158<br>jmazer@vpl-law.com<br>cgudaitis@vpl-law.com<br>csteklof@vpl-law.com |
| John J. Monaghan<br>Holland & Knight LLP<br>10 St. James Place, 11th Floor<br>Boston, MA 02116<br>John.monaghan@hklaw.com | Jose A. Casal<br>Joaquin Alemany<br>Michael E. Rothenberg<br>Holland & Knight LLP<br>701 Brickell Avenue, 33rd Floor<br>Miami, Florida 33131<br>jose.casal@hklaw.com<br>joaquin.alemany@hklaw.com<br>michael.rothenberg@hklaw.com |
| William A. Harvey<br>Diana L. Eisner<br>Klehr Harrison Harvey<br>Branzburg LLP<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103<br>WHarvey@klehr.com<br>DEisner@klehr.com | Craig V. Rasile<br>DLA Piper LLP (US)<br>200 South Biscayne Blvd., Suite 2500<br>Miami, FL 33131-5341<br>craig.rasile@dlapiper.com |
| Todd J. Rosen<br>Munger, Tolles & Olson LLP<br>355 South Grand Ave., 35th Floor<br>Los Angeles, CA 90071<br>todd.rosen@mto.com | Clark Whitmore<br>Maslon Edelman Borman & Brand, LLP<br>90 South Seventh Street, Suite 3300<br>Minneapolis, Minnesota 55402<br>Clark.whitmore@maslon.com |
| Andrew R. Kruppa<br>Squire Patton Boggs (US) LLP<br>200 South Biscayne Boulevard, Suite 4100<br>Miami, FL 33131<br>andrew.kruppa@squirepb.com | |